IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLTON L. BROWN                                                                                       PLAINTIFF

v.                                          Civil No. 1:20-cv-1017

CROSSETT POLICE DEPARTMENT;
Detective Division; DETECTIVE TERESA
TOLLIVER, Crossett Police Department;
DETECTIVE GUY HUGHES, Crossett Police
Department; FRANK SPAIN, Deputy
Prosecuting Attorney; and THOMAS DEAN,
Deputy Prosecuting Attorney                                                                         DEFENDANTS

## ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.

Plaintiff's complaint states three claims, each of which concern allegations that he was arrested and detained on false charges and is currently being maliciously prosecuted for rape.[1] (ECF No. 1). The Court must screen this case prior to the issuance of service of process. The Court must dismiss the complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] A criminal case involving rape charges, *State of Arkansas v. Carlton Brown*, case number 02CR-19-266, is currently pending against Plaintiff in the Circuit Court of Ashley County, Arkansas.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

As set forth above, Plaintiff's claims against Defendants involve his allegations that he was falsely arrested and is currently being maliciously prosecuted for a crime that he did not commit.  Plaintiff's claims, which challenge the validity of pending state criminal proceedings against him, are barred under the so-called *Younger* abstention doctrine.

Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases.  *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).  "This exercise of jurisdiction is constrained, however, by traditional principles of equity, comity, and federalism."  *Alleghany Corp. v. McCartney*, 896 F.2d 1138 (8th Cir. 1990).  The United States Supreme Court has established several limited abstention doctrines to preserve such principles.  *Beavers v. Ark. State Bd. of Dental Exam'rs*, 151 F.3d 838, 840-41 (8th Cir. 1998).  One such abstention doctrine is set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine directs federal courts to abstain from accepting jurisdiction in cases where granting relief would interfere with pending state proceedings involving important state interests.  *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998).  The *Younger* abstention doctrine reflects the public policy that disfavors federal court interference with

state judicial proceedings and is based on the principles of comity and federalism.  *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*:  (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented.  *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996).  If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate."  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances."  *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claims involve an ongoing state criminal proceeding against him, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during his state criminal proceedings.  *Conley v. Hiland*, No. 4:15-cv-0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015).  There is no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate.  Thus, *Younger* bars Plaintiff's claims.

In general, the *Younger* doctrine "directs federal courts to abstain from granting *injunctive* or *declaratory relief* that would interfere with pending judicial proceedings."  *Night Clubs, Inc.*, 163 F.3d at 481 (emphasis in original).  However, in cases where damages are sought in the federal suit, "traditional abstention principles generally require a stay as the appropriate mode of abstention."  *Id.*  This is true "[a]s long as there may be issues which will need to be determined in federal court."  *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999).

Plaintiff seeks only monetary damages in this action, so the traditional abstention practices favor a stay of this case rather than outright dismissal, and no exceptions apply requiring dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481. Thus, the Court will stay and administratively terminate this case until the final disposition of Plaintiff's pending state criminal charges in Ashley County Circuit Court, case number 02CR-19-266. *See Yamaha Motor Corp., U.S.A.*, 179 F.3d at 603-04; *Conley*, 2015 WL 4096152, at *1; *Dunkin v. Morales*, No. 1:11-cv-0010-JMM, 2011 WL 719016, at *2 (E.D. Ark. Feb. 22, 2011).

For the foregoing reasons, this case is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED**. Once Ashley County Circuit Court case number 02CR-19-266 has concluded, Plaintiff may file a motion to reopen this case, along with a copy of the final disposition of the charges in case number 02CR-19-266.

**IT IS SO ORDERED**, this 13th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge