IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLTON L. BROWN                                                                        PLAINTIFF

v.                                         Civil No. 1:20-cv-01017

CROSSETT POLICE DEPARTMENT;
Detective Division; DETECTIVE TERESA
TOLLIVER, Crossett Police Department;
DETECTIVE GUY HUGHES, Crossett Police
Department; FRANK SPAIN, Deputy
Prosecuting Attorney; and THOMAS DEAN,
Deputy Prosecuting Attorney                                                           DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Following preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), the Court entered an Order staying and administratively terminating the case. (ECF No. 7). The case was stayed and administratively terminated under the provisions of the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine because Plaintiff's claims concern allegations surrounding his arrest and pending prosecution for rape. (ECF No. 1). The Court took judicial notice that *State of Arkansas v. Carlton Brown*, 02CR-19-266, which involved rape charges, was currently pending against Plaintiff in Ashley County, Arkansas. Fed. Evid. R. 201. (ECF No. 7). The Court's Order states: "[o]nce Ashley County Circuit Court case number 02CR-1-266 has concluded, Plaintiff may file a motion to reopen this case, along with a copy of the final disposition of the charges in case number 02CR-19-266." (ECF No. 7).

Plaintiff has now filed a Motion to Reopen (ECF No. 8) and a Motion for the Federal Court to Detect Bad Faith and Extraordinary Circumstance (ECF No. 9). Plaintiff attaches to his Motion to Reopen

a Notice of Appeal and Designation of Record for *State of Arkansas v. Carlton Brown*, 02CR-19-266.  The appeal is currently pending in the Arkansas Court of Appeals.[1]

As previously set forth in this Court's May 13, 2020, Order (ECF No. 7), the *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests.  *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998).

Three factors must be determined affirmatively to result in abstention under *Younger*:  (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented.  *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996).  If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate."  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances."  *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

"For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."  *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).  Accordingly, "a necessary concomitant of *Younger* is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in *Younger*."  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).

---

[1] *Carlton Brown v. State of Arkansas*, CR-20-582, is currently pending in the Arkansas Court of Appeals.  The appeal is from Plaintiff's rape conviction in the Circuit Court of Ashley County, Arkansas.  The Court will take judicial notice of the proceedings in the Arkansas Court of Appeals.  Fed. Evid. R. 201.

Plaintiff's appeal is currently pending in the Arkansas Court of Appeals. Clearly, he has not exhausted his state appellate remedies. Further, and as stated above, the *Younger* bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted). The Court finds no such circumstances here.

Accordingly, Plaintiff's Motion to Reopen (ECF No. 8) and Motion for the Federal Court to Detect Bad Faith and Extraordinary Circumstance (ECF No. 9) should be, and hereby are, DENIED.

**IT IS SO ORDERED** this 9th day of November 2020.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE